

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2007

# Children First v. Legreide

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4324

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Children First v. Legreide" (2007). *2007 Decisions.* Paper 22.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/22

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-4324

———

THE CHILDREN FIRST FOUNDATION, INC., a New York non-profit
corporation duly registered in the State of New Jersey; DR. ELIZABETH REX

v.

DIANE LEGREIDE, individually and in her official capacity as former Chief
Administrator of the New Jersey Motor Vehicle Commission; SHARON
HARRINGTON, individually and in her official capacity as acting Chief Administrator of
the New Jersey Motor Vehicle Commission; DARIA GERARD, individually
and in her official capacity as Director of Customer Operations for the New Jersey Motor
Vehicle Commission; STEVE ROBERTSON, individually and in his official capacity
as Director of Legal and Regulatory Affairs for the New Jersey Motor Vehicle
Commission; ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, Peter C.
Harvey, individually and in his official capacity; GOVERNOR OF THE STATE OF
NEW JERSEY, individually and in his official capacity,
                                                                                    Appellants

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 04-cv-02137)
District Judge: Honorable Joel A. Pisano

———

Submitted Under Third Circuit LAR 34.1(a)
December 14, 2007

Before: SLOVITER and AMBRO, <u>Circuit Judges</u>, and POLLAK,[*] <u>District</u> <u>Judge</u>

———

  [*]  Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern
District of Pennsylvania, sitting by designation.

(Filed:  December 20, 2007)

## OPINION

POLLAK, District Judge

Appellants, who are alleged to be current and former employees of the State of New Jersey, appeal an order of the District Court denying without prejudice their motion to dismiss on qualified immunity grounds the claims for damages brought by appellees, Children First Foundation, Inc. and Dr. Elizabeth Rex (collectively, "Children First"). Pursuant to the collateral order doctrine, this court has jurisdiction to review the motion's denial under 28 U.S.C. § 1291.  *See Thomas v. Independence Township*, 463 F.3d 285, 290, 293 (3d Cir. 2006).  For the reasons explained herein, we vacate the District Court's order and remand for further proceedings.

I.

Because we write primarily for the parties, we summarize only the essential facts. Children First filed a complaint alleging violations of its rights under the First and Fourteenth Amendments following New Jersey's denial of its application for a specialty license plate that included, among other features, the words "Choose Life."  Appellants filed a motion to dismiss the complaint for failure to state a claim on which relief could be granted or, in the alternative, to dismiss the claims for damages on qualified immunity grounds.

2

The District Court denied the motion to dismiss without prejudice in an oral decision on July 26, 2006, and entered an order to that effect the following day. Noting the rapidly evolving body of law implicated by Children First's claims as well as the likelihood that an order deciding the merits would be appealed, the District Court held that judicial economy favored undertaking the legal analysis on "a full and complete record" rather than on a motion to dismiss. Apparently anticipating that one or both of the parties would shortly file a motion for summary judgment, the District Court observed that little discovery seemed necessary, and that the parties' extensive briefing on the motion to dismiss would likely serve just as well at summary judgment. On September 13, 2006, the District Court denied appellants' motion for reconsideration. On October 3, 2006, appellants filed their timely notice of appeal.

## II.

In denying appellants' motion for reconsideration, the District Court did not have the benefit of this court's opinion in *Thomas v. Independence Township*, 463 F.3d 285 (3d Cir. 2006), published on September 14, 2006. *Thomas* reemphasized the line of cases holding that, if a defendant raises a qualified immunity defense, until the "'immunity question is resolved, discovery should not be allowed.'" *Id*. at 291 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Thus, '[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.'" *Id*. (quoting *Mitchell v.*

3

*Forsyth*, 472 U.S. 511, 526 (1985)).

*Thomas* further clarified that, although "a plaintiff has no obligation to plead a violation of clearly established law in order to avoid dismissal on qualified immunity grounds," "when a plaintiff, *on his own initiative*, pleads detailed factual allegations, the defendant is entitled to dismissal before the commencement of discovery unless the allegations state a claim of violations of clearly established law." *Id*. at 293 (emphasis in original). Alternatively, where "a lack of factual specificity in a complaint prevents the defendant from framing a fact-specific qualified immunity defense," "[t]he appropriate remedy is the granting of a defense motion for a more definite statement." *Id*. at 289.

Under *Thomas*, *Mitchell*, and *Harlow*, if it appears that Children First's allegations — as they stand in the complaint, or as supplemented by a more definite statement — do not state a violation of clearly established law, appellants would be entitled to forthwith dismissal of the claims for damages on qualified immunity grounds. We will therefore vacate, in part, the District Court's order denying the motion to dismiss and remand to allow the District Court to decide the qualified immunity question.

IV.

For the foregoing reasons, we vacate that portion of the District Court's order of July 27, 2006, denying appellants' motion to dismiss the claims for damages on qualified immunity grounds and remand for further proceedings consistent with this opinion.